1  **WO**

6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**

10 CHRISTOPHER L. WOODS,           )   No. CV 11-1085-PHX-RCB (LOA)
                                   )
11           Plaintiff,             )        **ORDER**
                                   )
12 vs.                              )
                                   )
13 CHARLES L. RYAN, et al.,         )
                                   )
14           Defendants.            )
                                   )

16    Plaintiff Christopher L. Woods, who is confined in the Arizona State Prison Complex-
17 Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.
18 § 1983. In a July 28, 2011 Order, the Court dismissed the Complaint because Plaintiff had
19 failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that
20 cured the deficiencies identified in the Order.

21    On September 6, 2011, Plaintiff filed his First Amended Complaint. In a September
22 9, 2011 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed
23 to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that
24 cured the deficiencies identified in the Order.

25    On October 17, 2011, Plaintiff filed a Second Amended Complaint (Doc. 14). The
26 Court will dismiss the Second Amended Complaint and this action.

27 **I.    Statutory Screening of Prisoner Complaints**
28    The Court is required to screen complaints brought by prisoners seeking relief against

1 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
2 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4 be granted, or that seek monetary relief from a defendant who is immune from such relief.
5 28 U.S.C. § 1915A(b)(1), (2).

6       A pleading must contain a "short and plain statement of the claim *showing* that the
7 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
8 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
9 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice." Id.

12       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
13 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
14 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
15 that allows the court to draw the reasonable inference that the defendant is liable for the
16 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
18 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
19 allegations may be consistent with a constitutional claim, a court must assess whether there
20 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
22 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
23 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
24 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
25 94 (2007) (*per curiam*)).

26 **II.    Second Amended Complaint**

27       A second amended complaint supersedes the original Complaint and First Amended
28 Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

1  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court
2  treats the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d
3  at 1262.  Thus, the Court will consider only those claims raised in the Second Amended
4  Complaint against only those Defendants named in the Second Amended Complaint.

5        In his one-count Second Amended Complaint, Plaintiff sues the following Defendants:
6  Doctors Jeffreya Sharp, Ronolfo Macabunay, Justin F. Weiss, Michael J. Milazzo, and E.
7  Vinluan.

8        Plaintiff alleges that he has been subjected to medical deliberate indifference in
9  violation of the Eighth and Fourteenth Amendments.  He claims that he was seen by
10 Defendant Sharp in January 2008 because he was having headaches and bone pain, but
11 Defendant Sharp failed to provide him with "proper medical care for sinusitis and
12 degenerative finding in lumbar spine that was and still is causing [P]laintiff pain."  He alleges
13 that he saw Defendant Macabunay in December 2009 because Plaintiff was having
14 headaches and back pain, x-rays were taken, Plaintiff was informed that there was an
15 "increased density in ethmoid sinus," and Defendant Macabunay issued a medication "but
16 nothing for pain and the way the [P]laintiff['s] head had [taken] shape."

17       Plaintiff asserts that he saw Defendant Vinluan in June 2010 because he was having
18 lower back pain, x-rays were taken, Plaintiff was informed of "degenerating findings in lower
19 lumbar spine," but Defendant Vinluan "failed to provide [P]laintiff with proper medical care
20 for di[ag]nosis and pain and for follow[]up treat[]ment."  Plaintiff contends that Defendant
21 Weiss has "diagnosis information to the MDs at the [L]ewis facility has been wrong and
22 i[m]proper."  Plaintiff also alleges that he saw Defendant Milazzo in March 2011 because
23 of continued headaches and back pain, but Defendant Milazzo stated that there was nothing
24 he could do.

25       In his Request for Relief, Plaintiff seeks monetary damages and injunctive relief.

26 **III.     Failure to State a Claim**

27       Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
28 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

1  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
2  a liberal interpretation of a civil rights complaint may not supply essential elements of the
3  claim that were not initially pled. Id.

4  Not every claim by a prisoner relating to inadequate medical treatment states a
5  violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a
6  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
7  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
8  U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating
9  that failure to treat the condition could result in further significant injury or the unnecessary
10 and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
11 Jett, 439 F.3d at 1096 (quotations omitted).

12 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
13 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know
14 of and disregard an excessive risk to inmate health; "the official must both be aware of facts
15 from which the inference could be drawn that a substantial risk of serious harm exists, and
16 he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
17 indifference in the medical context may be shown by a purposeful act or failure to respond
18 to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439
19 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally
20 denies, delays, or interferes with medical treatment or by the way prison doctors respond to
21 the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

22 Deliberate indifference is a higher standard than negligence or lack of ordinary due
23 care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross
24 negligence will constitute deliberate indifference." Clement v. California Dep't of
25 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
26 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
27 "medical malpractice" do not support a claim under § 1983). "A difference of opinion does
28 not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.

- 4 -

1   Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is
2   insufficient to state a claim against prison officials for deliberate indifference.  See Shapley
3   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference
4   must be substantial.  The action must rise to a level of "unnecessary and wanton infliction
5   of pain."  Estelle, 429 U.S. at 105.

   Plaintiff's allegations do not support a claim that any of the Defendants acted with
7   deliberate indifference.  Thus, the Court will dismiss without prejudice Plaintiff's Second
8   Amended Complaint.

9   **IV.   Dismissal without Leave to Amend**

10   Because Plaintiff has failed to state a claim in his Second Amended Complaint, the
11   Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if
12   a complaint, as amended, is subject to dismissal."  Moore v. Kayport Package Express, Inc.,
13   885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is
14   particularly broad where Plaintiff has previously been permitted to amend his complaint.
15   Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated
16   failure to cure deficiencies is one of the factors to be considered in deciding whether justice
17   requires granting leave to amend.  Moore, 885 F.2d at 538.

18   Plaintiff has made three efforts at crafting a viable complaint and appears unable to
19   do so despite specific instructions from the Court.  In fact, his Second Amended Complaint
20   is virtually identical to his First Amended Complaint.  The Court finds that further
21   opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss
22   Plaintiff's Second Amended Complaint without leave to amend.

23   **IT IS ORDERED:**

24   (1)   Plaintiff's Second Amended Complaint (Doc. 14) and this action are **dismissed**
25   for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

26   (2)   The Clerk of Court must make an entry on the docket stating that the dismissal
27   for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

28   (3)   The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

1 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this
2 decision would not be taken in good faith.

3     DATED this 21st day of October, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 6 -