**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHRISTOPHER L. WOODS, | ) | No. CV 11-1085-PHX-RCB (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| CHARLES L. RYAN, et al., | ) | |
| Defendants. | ) | |

Plaintiff Christopher L. Woods, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a July 28, 2011 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On September 6, 2011, Plaintiff filed his First Amended Complaint. In a September 9, 2011 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On October 17, 2011, Plaintiff filed a Second Amended Complaint (Doc. 14). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

2 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4 be granted, or that seek monetary relief from a defendant who is immune from such relief.

5 28 U.S.C. § 1915A(b)(1), (2).

6 A pleading must contain a "short and plain statement of the claim *showing* that the

7 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

8 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

9 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

11 statements, do not suffice." Id.

12 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

13 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

14 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content

15 that allows the court to draw the reasonable inference that the defendant is liable for the

16 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

18 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

19 allegations may be consistent with a constitutional claim, a court must assess whether there

20 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

22 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

23 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

24 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

25 94 (2007) (*per curiam*)).

26 **II.    Second Amended Complaint**

27 A second amended complaint supersedes the original Complaint and First Amended

28 Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

1    Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court

2    treats the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d

3    at 1262.  Thus, the Court will consider only those claims raised in the Second Amended

4    Complaint against only those Defendants named in the Second Amended Complaint.

5           In his one-count Second Amended Complaint, Plaintiff sues the following Defendants:

6    Doctors Jeffreya Sharp, Ronolfo Macabunay, Justin F. Weiss, Michael J. Milazzo, and E.

7    Vinluan.

8           Plaintiff alleges that he has been subjected to medical deliberate indifference in

9    violation of the Eighth and Fourteenth Amendments.  He claims that he was seen by

10   Defendant Sharp in January 2008 because he was having headaches and bone pain, but

11   Defendant Sharp failed to provide him with "proper medical care for sinusitis and

12   degenerative finding in lumbar spine that was and still is causing [P]laintiff pain."  He alleges

13   that he saw Defendant Macabunay in December 2009 because Plaintiff was having

14   headaches and back pain, x-rays were taken, Plaintiff was informed that there was an

15   "increased density in ethmoid sinus," and Defendant Macabunay issued a medication "but

16   nothing for pain and the way the [P]laintiff['s] head had [taken] shape."

17          Plaintiff asserts that he saw Defendant Vinluan in June 2010 because he was having

18   lower back pain, x-rays were taken, Plaintiff was informed of "degenerating findings in lower

19   lumbar spine," but Defendant Vinluan "failed to provide [P]laintiff with proper medical care

20   for di[ag]nosis and pain and for follow[]up treat[]ment."  Plaintiff contends that Defendant

21   Weiss has "diagnosis information to the MDs at the [L]ewis facility has been wrong and

22   i[m]proper."  Plaintiff also alleges that he saw Defendant Milazzo in March 2011 because

23   of continued headaches and back pain, but Defendant Milazzo stated that there was nothing

24   he could do.

25          In his Request for Relief, Plaintiff seeks monetary damages and injunctive relief.

26   **III.    Failure to State a Claim**

27          Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,

28   520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

1  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,

2  a liberal interpretation of a civil rights complaint may not supply essential elements of the

3  claim that were not initially pled. Id.

4  Not every claim by a prisoner relating to inadequate medical treatment states a

5  violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a

6  plaintiff must show that the defendants acted with "deliberate indifference to serious medical

7  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

8  U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating

9  that failure to treat the condition could result in further significant injury or the unnecessary

10 and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

11 Jett, 439 F.3d at 1096 (quotations omitted).

12 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

13 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know

14 of and disregard an excessive risk to inmate health; "the official must both be aware of facts

15 from which the inference could be drawn that a substantial risk of serious harm exists, and

16 he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate

17 indifference in the medical context may be shown by a purposeful act or failure to respond

18 to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439

19 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally

20 denies, delays, or interferes with medical treatment or by the way prison doctors respond to

21 the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

22 Deliberate indifference is a higher standard than negligence or lack of ordinary due

23 care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross

24 negligence will constitute deliberate indifference." Clement v. California Dep't of

25 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

26 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

27 "medical malpractice" do not support a claim under § 1983). "A difference of opinion does

28 not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.

1   Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is

2   insufficient to state a claim against prison officials for deliberate indifference.  See Shapley

3   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference

4   must be substantial.  The action must rise to a level of "unnecessary and wanton infliction

5   of pain."  Estelle, 429 U.S. at 105.

6          Plaintiff's allegations do not support a claim that any of the Defendants acted with

7   deliberate indifference.  Thus, the Court will dismiss without prejudice Plaintiff's Second

8   Amended Complaint.

9   **IV.    Dismissal without Leave to Amend**

10          Because Plaintiff has failed to state a claim in his Second Amended Complaint, the

11  Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if

12  a complaint, as amended, is subject to dismissal."  Moore v. Kayport Package Express, Inc.,

13  885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is

14  particularly broad where Plaintiff has previously been permitted to amend his complaint.

15  Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated

16  failure to cure deficiencies is one of the factors to be considered in deciding whether justice

17  requires granting leave to amend.  Moore, 885 F.2d at 538.

18          Plaintiff has made three efforts at crafting a viable complaint and appears unable to

19  do so despite specific instructions from the Court.  In fact, his Second Amended Complaint

20  is virtually identical to his First Amended Complaint.  The Court finds that further

21  opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss

22  Plaintiff's Second Amended Complaint without leave to amend.

23  **IT IS ORDERED:**

24          (1)    Plaintiff's Second Amended Complaint (Doc. 14) and this action are **dismissed**

25  for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

26          (2)    The Clerk of Court must make an entry on the docket stating that the dismissal

27  for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

28          (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 21st day of October, 2011.

Robert C. Broomfield
Senior United States District Judge